## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PROCHON BIOTECH, LTD.<br><br>7th Golda Meir Street<br>Weizman Science Park<br>P.O. Box 4082<br>Ness Ziona, 70400<br>Israel,<br><br>       Plaintiff,<br><br>  v.<br><br>DAVID J. KAPPOS, in his official capacity as<br>Under Secretary of Commerce for Intellectual<br>Property and Director of the United States Patent<br>and Trademark Office<br><br>Office of General Counsel<br>United States Patent and Trademark Office<br>P.O. Box 15667, Arlington, VA 22215<br><br>Madison Building East, Room 10B20<br>600 Dulany Street, Alexandria, VA 22314,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

For its Complaint against David J. Kappos, Plaintiff hereby alleges as follows:

### **Nature of Action**

1.      This is an action by the assignee of United States Patent No. 7,563,769 ("the '769 patent," attached as Exhibit) seeking review of the patent term adjustment granted by the Director of the United States Patent and Trademark Office ("PTO") pursuant to 35 U.S.C. § 154(b).

2.      The challenged PTO patent term adjustment determination relied on an erroneous interpretation of 35 U.S.C. § 154(b) that this Court rejected in *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008), *affirmed Wyeth v. Kappos*, No. 2009-1120 (Fed. Cir. 2010).

## Parties

3.      Plaintiff ProChon Biotech, Ltd. ("ProChon") is an Israeli company.

4.      Defendant David Kappos is sued in his official capacity as Under Secretary of Commerce for Intellectual Property and Director of the PTO.  The Director of the PTO is designated by statute as the official responsible for determining the period of patent term adjustments, *see* 35 U.S.C. § 154(b)(3), and as the proper defendant in a suit seeking review of such determinations, *see id.* § 154(b)(4)(A).

## Jurisdiction and Venue

5.      This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

6.      This Court has subject-matter jurisdiction over this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1361; 35 U.S.C. § 154(b)(4)(A); and 5 U.S.C. §§ 701-706.

7.      Venue is proper in this Court under 35 U.S.C. § 154(b)(4)(A).

8.      This Complaint is timely filed under 35 U.S.C. § 154(b)(4)(A).

## Background

9.      Under 35 U.S.C. § 154(a)(2), a successful patent applicant is entitled to a 20-year patent term beginning on the date its application was first filed with the PTO.  Because this

period starts to run with the filing of the application rather than with the grant of the patent, any

delay in the PTO's processing of an application reduces the applicant's effective patent term.

10.     To prevent such administrative delays from causing unfair losses of patent

protection, Congress directed the PTO to grant successful applicants upward adjustments of their

patent terms to compensate for three categories of processing delay by the PTO.  Those three

categories, set forth in 35 U.S.C. § 154(b)(1)(A), (B), and (C), are known as "A delays," "B

delays," and "C delays," respectively.  Only "A delays" and "B delays" are at issue in this case.

11.     "A delays" occur when the PTO fails to take one of several specified actions

within a particular time period—for example, if the PTO does not "issue a patent within four  (4)

months after the date on which the issue fee was paid … and all other outstanding requirements

were satisfied."  35 U.S.C. § 154(b)(1)(A)(iv).  The statute provides that "the term of the patent

shall be extended by 1 day for each day after the end of the period specified … until the action

described … is taken."  *Id.* § 154(b)(1)(A).

12.     "B delays" occur when the PTO fails to issue a patent within three (3) years of the

filing of the patent application, excluding certain periods of delay attributable to the applicant.

35 U.S.C. § 154(b)(1)(B).  As with "A delays," the statute provides for a day-for-day patent term

adjustment to compensate for any "B delays":  "[T]he term of the patent shall be extended by 1

day for each day after the end of that 3-year period until the patent is issued."  *Id.*

13.     In calculating a patent term adjustment, however, Congress directed that

overlapping periods of "A delay" and "B delay" may not be double-counted:  "To the extent that

periods of delay attributable to grounds specified in paragraph (1) overlap, the period of any

adjustment granted under this subsection shall not exceed the actual number of days the issuance

of the patent was delayed." 35 U.S.C. § 154(b)(2)(A).  The dispute in this case concerns the proper interpretation of this provision.

14.     The PTO has taken the position that whenever an application is subject to both "A delay" and "B delay," those periods *always* "overlap" within the meaning of § 154(b)(2)(A)— even if they occur on different calendar days.  *See* 69 Fed. Reg. 34,283 (June 21, 2004).  The result of this interpretation is that an applicant is entitled to an adjustment equal to *either* the "A delay" or the "B delay," whichever is longer, but never to an adjustment equal to the "A delay" *plus* the "B delay."

15.     This Court rejected the PTO's interpretation of § 154(b)(2)(A) in *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008), and this holding was affirmed by the Federal Circuit in *Wyeth v. Kappos*, No. 2009-1120 (Fed. Cir. 2010).  Giving the words of the statute their plain meaning, the Court observed that "[t]he only way that periods of time can 'overlap' is if they occur on the same day."  *Id.* at 141.  The Court thus held that "[i]f an 'A delay' occurs on one calendar day and a 'B delay' occurs on another, they do not overlap, and § 154(b)(2)(A) does not limit the extension to one day."  *Id.* at 141-142.

16.     Notwithstanding the Court's holding in *Wyeth*, the PTO has adhered to its erroneous interpretation of § 152(b)(2)(A).  The agency thus continues to determine patent term adjustments in a manner that is contrary to the statute.

17.     The PTO relied on this improper method in calculating the patent term adjustment applicable to the patent at issue in this case.  If this adjustment had instead been calculated in accordance with this Court's decision in *Wyeth*, plaintiff would have received the longer adjustment that it now seeks in this suit.

**Claim for Relief**

18.     Plaintiff incorporates paragraphs 1-17 as if fully set forth herein.

19.     ProChon is the assignee of United States Patent No. 7,563,769 ("the '769 patent").

20.     The application for this patent was filed on November 5, 2004, and the patent issued on July 21, 2009.

21.     The patent term adjustment determined by the Director and currently reflected on the patent is 358 days.

22.     The Director's determination of the patent term adjustment was incorrect because it was based on the erroneous statutory interpretation that this Court and the Federal Circuit rejected in *Wyeth v. Dudas* and *Wyeth v. Kappos*.

23.     Under 35 U.S.C. § 154(b)(1)(A), the application for the patent was subject to "A delays" of 506 days.

24.     Under 35 U.S.C. § 154(b)(1)(B), the application was also subject to a "B delay" of 624 days.

25.     None of the days of "A delays" occurred on the same calendar day as the "B delays."

26.     Thus, under the correct interpretation of § 154(b)(2)(A) set forth by this Court in *Wyeth*, no days of "A delays" overlap with "B delays."

27.     The total period of PTO delay in the processing of the patent application is therefore 1,130 days, which is equal to the "A delay" (506 days) plus the "B delay" (624 days).

28.     Under 35 U.S.C. § 154(b)(2)(C), the applicable patent term adjustment "shall be reduced by a period equal to the period of time during which the applicant failed to engage in reasonable efforts to conclude prosecution of the application."  The PTO determined that the period of applicant delay in the processing of the patent was 266 days.

29.     Accordingly, the correct patent term adjustment under 35 U.S.C. § 154(b) should have been 864 days, which is equal to the total period of PTO delay (1,130 days) minus the period of applicant delay (266 days).

30.     On April 1, 2009, ProChon filed a timely Request for Reconsideration of Patent Term Adjustment under 35 U.S.C. § 154(b)(3)(B)(ii) and 37 C.F.R. § 1.705(b).  The request demonstrated that in light of the *Wyeth* decision, the proper period of patent term adjustment was in excess of what was determined by the PTO.  On June 16, 2009, the PTO indicated that a decision on the petition was being held in abeyance until after the issuance of the '769 patent.

31.     The '769 patent issued on July 21, 2009.  On September 18, 2009, ProChon filed a timely Supplemental Request for Reconsideration of Patent Term Adjustment under 35 U.S.C. § 154(b)(3)(B)(ii) and 37 C.F.R. § 1.705(d).  The request demonstrated that in light of the *Wyeth* decision, the proper period of patent term adjustment was 864 days.  The PTO has not yet issued a decision on this petition.

32.     The PTO's determination of the patent term extension for the '769 patent was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law under 5 U.S.C. § 706(2)(A).

## Prayer for Relief

WHEREFORE**, Plaintiff prays that this Court:**

1.      Issue an Order changing the period of patent term adjustment for the '769 patent

to 864 days and requiring Defendant to alter the term of the '769 patent to reflect the changed

adjustment.

2.      Grant such further and other relief as this Court deems just and proper.

Respectfully submitted,

Dated: January 19, 2010                     _____
                                            Adam S. Nadelhaft (D.C. Bar No. 490124)
                                            Winston & Strawn LLP
                                            1700 K Street, NW
                                            Washington, DC  20006
                                            Tel.: (202) 282-5883
                                            Facsimile: (202) 282-5100
                                            E-mail: anadelhaft@winston.com

                                            *Attorney for Plaintiff*
                                            *ProChon Biotech, Ltd.*